UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                                Chapter 7

ABSOLUTE MEDICAL, LLC,                                Case No.: 6:23-bk-03715-LVV
                                                      (Consolidated with Case No. 6:23-
                                                      bk-03719-LVV)

                    Debtor.
_____/

**APPLICATION FOR APPROVAL OF EMPLOYMENT OF THOMAS H. FORRESTER
AND THE LAW FIRM OF GULLETT SANFORD ROBINSON & MARTIN, PLLC, AS
CO-SPECIAL LITIGATION COUNSEL TO RICHARD B. WEBBER, II, CHAPTER 7
TRUSTEE, EFFECTIVE AS OF FEBRUARY 20, 2025**

Richard B. Webber, the duly appointed Chapter 7 Trustee (the "Chapter 7 Trustee") for the

bankruptcy estates of Absolute Medical Systems, LLC, Case No. 23-03719 (sometimes referred

to as "AMS") and Absolute Medical, LLC, Case No. 23-03715 (sometimes referred to as "AM")

(each a "Debtor" and collectively, the "Debtors"), by undersigned counsel, files this application

(the "Application") pursuant to 11 U.S.C. §§ 105(a), 327(e) and 328(a) and Fed. R. Bankr. P. 2014,

seeking approval of the employment of Thomas H. Forrester ("Forrester") and the law firm of

Gullett Sanford Robinson & Martin, PLLC (collectively, "GSRM Law") as co-special litigation

counsel to the Chapter 7 Trustee, effective as of February 20, 2025, and states:

**Jurisdiction and Venue**

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

This is a core proceeding pursuant to 28 U.S.C. § 157.

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief sought herein are 11 U.S.C. §§ 105(a), 327(e)

and 328(a).

## Background

4.      On September 8, 2023 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code").

5.      On September 11, 2023, the Office of the United States Trustee appointed Richard B. Webber, II, as the Chapter 7 Trustee of the Debtors.

6.      The initial *§341 Meeting of Creditors* [ECF No. 4] ("§341") was scheduled for October 12, 2023, and due to the Debtors' non-appearance at the §341 it was re-scheduled, held November 9, 2023, then continued and concluded on January 4, 2024.

7.      On February 7, 2024, the Court entered in Case No. 23-03715 an Order Granting Amended Motion to Consolidate these Chapter 7 Cases [ECF No. 53],

8.      At the §341, the Chapter 7 Trustee reviewed the Debtor's Schedules and Statement of Financial Affairs [ECF Nos. 11 & 12] and determined that Debtor's estate contains potential assets. Notwithstanding, the Debtors do not have any liquid assets or cash available. The Chapter 7 Trustee issued the Notice of Deadline to file Proofs of Claim in Case No. 23-03719 [ECF No. 38] ("POC"), which provided notice to the creditors and other parties in interest that a POC deadline has been established and all POC must be filed by the deadline date of April 11, 2024.

9.      On February 13, 2024, the Chapter 7 Trustee retained Nicolette Vilmos and the law firm of Berger Singerman LLP ("Berger Singerman"), as special counsel to consult with the Chapter 7 Trustee concerning the administration of this consolidated case, to investigate the acts, conduct, assets, liabilities, and financial condition of the Debtor, and assist the Chapter 7 Trustee in recovery of assets and dealings with litigation [ECF No. 54].

10.     Since that time Berger Singerman has been investigating certain potential claims against the Debtors' former principals and other third-party entities. In March and June of 2024,

the Trustee issued 2004 exams to the Debtors and Alphatec Holdings, Inc and Alphatec Spine, Inc. (collectively, "Alphatec") as part of his investigation of potential assets and causes of action.

### NuVasive Litigation

11.     Prior to the Petition Date, the Debtors were two of five defendants in an action pending in the United States District Court for the Middle District of Florida, Orlando Division, *NuVasive, Inc.,* ("NuVasive") v. *Absolute Medical, LLC, Absolute Medical Systems, LLC, Greg Soufleris, Dave Hawley, and Ryan Miller* (the "AMS Parties"), Case No. 17-cv-2206-ORL-41 the (the "NuVasive Action"). District Judge Carlos E. Mendoza was assigned the NuVasive Action.

12.     The claims in the NuVasive Action alleged as follows:  Count I sought injunctive relief against AM; Count II sought damages for AM's and AMS's breaches of contract, connected to AM's violations of a Sales Agreement between NuVasive and AM, including lost profits, fees, expenses and pre-judgment interest; Count III sought injunctive relief against AMS; Count IV sought injunctive relief and damages against certain of the AMS Parties; Count V sought damages from certain of the AMS Parties for conversion by those parties of custom surgical equipment created by NuVasive; Count VI sought to hold Greg Soufleris, one of the AMS Parties, individually liable under Florida's Revised Limited Liability Company Act; Count VII sought to pierce the corporate veil against Greg Soufleris; Count VIII sought a finding that all AMS Parties violated the Florida Deceptive and Unfair Trade Practices Act; and Count IX sought to hold Greg Soufleris liable for tortiously interfering with NuVasive's business relationships with its surgeon-customers.  As noted below, by Order entered November 22, 2023, the District Court found NuVasive is entitled to default judgment on all claims described in the nine Counts identified above.

13.     On November 16, 2023, NuVasive obtained an *Order Granting Amended Motion for Relief From Automatic Stay to Permit United States District Court to Rule on its Pending Show*

*Cause Order and, if Necessary, Conduct a Show Cause Hearing, Filed by NuVasive, Inc.* [ECF No. 35 in Case No. 23-03715, and ECF No. 33 in Case No. 23-03719 (the "Stay Relief Order")]. The Stay Relief Order allowed the United States District Court to proceed with its findings and conclusions with respect to the nine Counts in the Second Amended Complaint, described above.

14.    NuVasive filed a proof of claim against each Debtor in the amount of $19,826,835.66. NuVasive is the only creditor to file a proof of claim against the Debtors.

15.    GSRM Law has assisted NuVasive in its efforts to obtain and to liquidate its judgment.  By Order entered November 22, 2023, District Judge Mendoza found NuVasive is entitled to default judgment on all claims described in the nine Counts contained in NuVasive's Second Amended Complaint, as identified above.  Judge Mendoza referred all issues concerning the quantification of NuVasive's damages to United States Magistrate Judge Leslie Hoffman Price. After a full evidentiary hearing on damages October 23, 2024, Magistrate Judge Price entered on January 17, 2025 her 65-page Report and Recommendation, finding that NuVasive's damages in its litigation against the AMS Parties to total $19,361,057.  On April 15, 2025, the United States District Court entered its Amended Judgment in the NuVasive Action, increasing the judgment against the AMS Parties to $19,520,069.

### GSRM Law's Role as Special Counsel

16.    GSRM Law is not itself a creditor of the Debtors' estates.

17.    GSRM Law represents NuVasive, which is a creditor of the Debtors' estate. GSRM Law did not represent the Debtor at any time, and it has not represented any other creditor or equity holder of the Debtor.

18.    GSRM Law began representing NuVasive over a decade ago and in litigation against the Debtor parties in 2017, at the commencement of the NuVasive Action in District Court.

19.    After the Debtors' filed for Chapter 7 bankruptcy relief, GSRM Law began working

with the Trustee and his counsel, due to their joint interest in the pursuit of causes of action against the Debtor Parties.

20.    Based upon the Chapter 7 Trustee's investigations to date, it appears the Debtors' estates may have potential claims against the AMS Parties and other affiliated third parties, including but not limited to Alphatec (collectively, the "Claims"), for claims that are substantially related to the claims alleged in the NuVasive Action or are against similar parties set forth in the NuVasive Action.

21.    Based upon GSRM Law's prior experience and knowledge as established in the NuVasive Action, the Chapter 7 Trustee wishes to engage GSRM Law as co-special litigation counsel to assist Berger Singerman in pursuing these potential Claims. GSRM Law has unique knowledge and information pertaining to these causes of action as they represent NuVasive, and have alleged claims against Soufleris, the Debtors, and other third parties.  Additionally, GSRM Law has agreed to pursue the Claims in favor of the Debtors' Estates without any compensation from the Debtors' Estates.

22.    Since liquidating its claim, NuVasive recognizes that any recovery that may result from the litigation of the Claims on behalf of the Trustee and Debtor will belong in the first instance to the Debtors' estate. NuVasive is not in pursuit of an independent recovery directly to itself in these Chapter 7 cases, although it remains interested in preserving the value of the claims against the AMS Parties, as a recovery would ultimately be for its benefit as a creditor of the Debtors' estate.

23.    In recent months, GSRM Law has assisted the Trustee in connection with the drafting of a complaint to initiate an adversary proceeding against certain of the AMS Parties and is assisting in additional claims that may be brought by the Trustee on behalf of the Debtors' estates.

## Relief Requested and Basis Therefor

24.     The Trustee seeks the entry of an order authorizing the employment and retention of GSRM Law as co-special counsel pursuant to 11 U.S.C. §§ 327(e) and (c), Fed. R. Bankr. P. 2014, effective as of February 20, 2025, to perform legal services in representing the Trustee in connection with the Claims, as described herein.

## Scope of Employment

25.     GSRM Law will represent the Trustee only in connection with pursuit of the Claims, and not serve as general bankruptcy counsel in the case. Berger Singerman will continue in the role as general counsel to the Chapter 7 Trustee. GSRM Law will have no involvement in the Trustee's legal services relating to any creditors, including NuVasive, as it relates to their asserted claims in the bankruptcy case, and legal services relating to claims administration will be handled by Berger Singerman.  GSRM Law and NuVasive acknowledge that GSRM's engagement and cooperation with Berger Singerman shall not preclude Berger Singerman or the Chapter 7 Trustee from seeking any relief against NuVasive as a creditor.

26.     Subject to this Court's approval of this Application, GSRM Law has indicated that it is willing to serve as co-special litigation counsel in this Chapter 7 case to perform the services described herein. But for GSRM Law's willingness to serve as special litigation counsel pursuant to the terms hereof, the Debtors' estates would not be able to pursue the Claims for the benefit of the Debtors' estates.

## Retention of GSRM Law as the Trustee's Special Counsel

27.     The Trustee seeks to employ GSRM Law as special counsel, pursuant to 11 U.S.C. § 327, because of its extensive experience and knowledge of both the particular factual and legal issues in this litigation as well as in matters of this nature, and the Trustee believes that GSRM Law is well qualified and competent to perform the services required by the Trustee.

6

28.     Section 327(e) allows a bankruptcy trustee to employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed. 11 U.S.C. § 327(e).

29.     A trustee can hire an attorney either for general assistance in administering the estate or as "special counsel" for a limited purpose. *In re Innomed Labs, LLC*, 2008 WL 276490, at *3, citing *Bank Brussels Lambert v. Coan (In re AroChem Corp.)*, 176 F.3d 610, 622 (2nd Cir. 1999). Subsection (e) is the only part of section 327 that discusses the role of special counsel, but by its terms, it applies only where the proposed special counsel has previously represented the debtor. See 11 U.S.C. § 327(e).

30.     If the proposed special counsel has never represented the debtor, the Court must apply section 327(a) "and reason by analogy to subsection (e)." *In re Innomed Labs, LLC*, 2008 WL 276490, at *3, citing *AroChem*, 176 F.3d at 622.

31.     "Section 327(c) allows the appointment of counsel to represent the trustee, even where counsel represents a creditor, where the court finds no 'actual conflict of interest.'" *Stoumbos v. Kilimnik*, 988 F.2d 949, 964 (9th Cir. 1993), cert. denied, 510 U.S. 867 (1993). "Reasoning by analogy to section 327(e), several courts have held that, where the trustee seeks to appoint counsel only as 'special counsel' for a specific matter, there need only be no conflict between the trustee and counsel's creditor client with respect to the specific matter itself." Id. (emphasis added).

32.     The court "must inquire into whether the special counsel holds or represents an interest adverse to the estate 'with respect to the matter on which [the special counsel] is to be employed.' Since the role of the special counsel is, by definition, limited, the trustee need only

7

show that there is no adverse interest related to" ... "the matter for which special counsel is retained." *In re Innomed Labs, LLC*, 2008 WL 276490, at *3, quoting *AroChem*, 176 F.3d at 622. See also *Stoumbos*, 988 F.2d at 964; *In re Hummer Transp., Inc.*, 2013 WL 8013588, at *3 (Bankr. E.D. Cal. Sept. 12, 2013), aff'd sub nom. *In re Hummer Transp.*, 2014 WL 412534 (E.D. Cal. Feb. 3, 2014); *In re Contractor Tech., Ltd.*, 2006 WL 1492250, at *6 (S.D.Tex. May 30, 2006); *In re Peters Contracting, Inc.*, 301 B.R. 857, 860 (Bankr. M.D.Tenn. 2003); *In re Veterans Choice Mortgage, Inc.*, 285 B.R. 70, 74 (Bankr. S.D. Ga. 2002); In *re Best Craft Gen. Contractor & Design Cabinet, Inc.*, 239 B.R. 462, 467 (Bankr. E.D.N.Y. 1999).

33.    GSRM Law has served for several years as counsel to NuVasive, and as a result, is intimately familiar with the facts and legal issues involved in the Claims and potential litigation. GSRM Law, NuVasive, and the Chapter 7 Trustee's interests are aligned to the extent that each party has the same interest in collecting funds for the benefit of the Debtors' estates.

34.    To the best of the Trustee's knowledge, and as set forth herein and in the *Affidavit of Thomas H. Forrester* on Behalf of GSRM Law, as Proposed Special Litigation Counsel to Richard B. Webber, II, Chapter 7 Trustee (the "Forrester Affidavit"), annexed hereto as **Exhibit "A"**, GSRM Law does not represent, and has not represented, any creditors of the Debtor's estate other than NuVasive as related to the particular matters for which GSRM Law is proposed to be retained.

35.    GSRM Law is being employed for the special purpose of providing the specific legal services of representing the Trustee in the Claims and potential litigation. GSRM Law is qualified and experienced in litigation of this nature, and its appointment is in the best interest of the estate.

36.    GSRM Law is qualified to be employed as the Trustee's co-special counsel, and its retention should be allowed. The Trustee maintains that GSRM Law's employment is necessary and in the best interests of the Trustee, the Debtors' estates and their creditors.

8

**Professional Compensation**

37.     GSRM Law has indicated a willingness to serve as Special Litigation Counsel to

the Chapter 7 Trustee, and to receive compensation for professional services rendered, on the

following terms:

> i. GSRM Law will be paid by NuVasive for services rendered in connection with the Claims and this Application on an hourly basis in accordance with GSRM Law's existing relationship with NuVasive.

> ii. GSRM Law will submit invoices for payment to NuVasive in accordance with the existing practices between GSRM Law and NuVasive.

> iii. All funds recovered, if any, will be paid to the Chapter 7 Trustee for distribution to creditors including without limitation payment of administrative expenses, as allowed by the Bankruptcy Court.

> iv. The provisions herein concerning the fee relationship between GSRM Law and NuVasive are included herein for disclosure purposes only and are not intended as a means of invoking this Court's jurisdiction with respect to that relationship.

> v. GSRM Law will serve as co-counsel with Berger Singerman. As such, GSRM Law has agreed to pay the fees and costs of Berger Singerman solely as to Berger Singerman's work related to the litigation of the Claims from the time of GSRM's retention forward. Berger Singerman shall not bill the estate for such local counsel work. All of Berger Singerman's fees and costs for work performed outside of the Claims shall remain subject to §327 of the Bankruptcy Code.  Berger Singerman shall be required to file a fee application for all work relating to the Claims that was incurred prior to the approved retention of GSRM.

> vi. All compensation of fees and disbursement of expenses from the Debtors' Estate shall be subject to the filing of an application for compensation in accordance with the Middle District of Florida Bankruptcy Court's local rules and a court Order allowing the same.

38.     As set forth in the Forrester Affidavit, Thomas H. Forrester, a member of GSRM

Law, acknowledges and agrees on behalf of GSRM Law and NuVasive to the following:

> i. NuVasive agrees that it will play no role in directing litigation strategy and will defer entirely to the Chapter 7 Trustee as to the prosecution of the Claims. Notwithstanding, NuVasive retains its standing as a party in interest to object to any motion by the Chapter 7 Trustee under Rule 9019 to compromise or settle the Claims.

9

ii. GSRM Law agrees that, in the event NuVasive decides in the future to cease funding of GSRM Law's legal fees in connection with the Claims, GSRM Law will continue to work with Berger Singerman to conclude any litigation regarding the Claims in the ordinary course and pursuant to the Chapter 7 Trustee's direction.

**WHEREFORE**, the Chapter 7 Trustee respectfully request that the Court enter an order, in the form attached hereto as **Exhibit "B"** (i) approving the Chapter 7 Trustee's employment of GSRM Law as special litigation counsel to the Chapter 7 Trustee, effective as of February 20, 2025, and (ii) granting any other relief as this Court deems appropriate.

Dated: April 29, 2025

BERGER SINGERMAN LLP
*Special Counsel for Chapter 7 Trustee*
111 N. Magnolia Avenue, Suite 1450
Orlando, FL 32801
Telephone: (407) 743-7900
Facsimile: (407) 545-5140

By: /s/ *Nicolette C. Vilmos*
    Nicolette C. Vilmos
    Florida Bar No.: 469051
    nvilmos@bergersingerman.com
    Michael J. Niles
    Florida Bar No.: 107203
    mniles@bergersingerman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served on April 29, 2025, by electronic transmission through the Court's CM/ECF system upon all parties on the attached CM/ECF Service List.

By: /s/ *Nicolette C. Vilmos*
    Nicolette C. Vilmos

## CM/ECF SERVICE LIST

- **Christopher W. Cardwell**    ccardwell@gsrm.com, tnoble@gsrm.com

- **Thomas H. Forrester**    tforrester@gsrm.com, djames@gsrm.com;asowney@gsrm.com

- **Kenneth D Herron**    chip@herronhilllaw.com,
  chip@ecf.courtdrive.com;1049@notices.nextchapterbk.com

- **Marshall Thomas McFarland**    tmcfarland@gsrm.com, tnoble@gsrm.com

- **Michael J Niles**    mniles@bergersingerman.com,
  efile@bergersingerman.com;efile@ecf.courtdrive.com;kmarsh@bergersingerman.com

- **Edwin G Rice**    eRice@bradley.com, ajecevicus@bradley.com;edwin-rice-
  1713@ecf.pacerpro.com

- **United States Trustee - ORL7/13**    USTP.Region21.OR.ECF@usdoj.gov

- **Nicolette C Vilmos**    nvilmos@bergersingerman.com,
  efile@ecf.courtdrive.com;efile@bergersingerman.com;fsellers@bergersingerman.com

- **Richard B Webber**    F001@ecfcbis.com,
  r.lee2023@aol.com;Trusteewebber@gmail.com

# EXHIBIT "A"
**(Forrester Affidavit)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:                                                    Case No.: 6:23-bk-03719-LVV

ABSOLUTE MEDICAL SYSTEMS, LLC,              Chapter 7

            Debtor.

_____/

### AFFIDAVIT OF THOMAS H. FORRESTER

**STATE OF TENNESSEE   )**
**COUNTY OF DAVIDSON   )**

**THOMAS H. FORRESTER,** being first duly sworn according to law, makes oath as follows:

1.      I am, and at all times relevant hereto have been, over eighteen (18) years of age.

2.      I am a member of Gullett, Sanford, Robinson & Martin, PLLC (the "Firm"), a Tennessee professional limited liability company.  I am licensed to practice law in all State and Federal Courts in the State of Tennessee, and am admitted in the United States Court of Appeals for the Sixth Circuit and the United States Supreme Court.  I was licensed to practice law in 1984, and I have practiced as a Chapter 11 bankruptcy attorney with the Firm since 1985.

3.      The Firm has served as counsel for NuVasive, LLC f/k/a NuVasive, Inc. ("NuVasive") for over ten (10) years.  As counsel for NuVasive, I and other lawyers in the Firm have handled dozens of types of cases, including employment law, trade infringement, breach of contract, non-competition litigation, tortious interference matters, trade secrets, bankruptcy and bankruptcy litigation, and numerous other matters.  At any one time, the Firm may have 10-20 NuVasive matters active.  Generally, NuVasive is in the business of designing, creating, manufacturing and selling medical equipment, primarily in the orthopaedic (especially spinal) surgical areas.  NuVasive routinely partners with spinal and other orthopaedic surgeons to use

NuVasive surgical equipment.

4.    In 2017, NuVasive had a substantial presence in the Central Florida area, and supplied numerous hospitals and surgeons with spinal surgical equipment via an independent, exclusive distributor, Absolute Medical, LLC ("AM").   NuVasive became aware of former NuVasive representatives who had resigned their engagement with NuVasive and began competing against it in the Orlando, Florida area, in direct contravention of covenants not to compete with NuVasive.  At that time, AM had an exclusive sales agreement with NuVasive which covered most of the Central Florida region.  AM was owned by Mr. Greg Soufleris ("Soufleris"). Upon renouncing the NuVasive sales agreement, Soufleris created a new company called Absolute Medical Systems, LLC ("AMS"), which immediately and aggressively attempted to impede upon NuVasive's business in the Central Florida area and contract with hospitals and surgeons whom had prior contracts with NuVasive.  Soufleris recruited and employed former NuVasive sales representatives, Dave Hawley ("Hawley") and Ryan Miller ("Miller") to steal NuVasive's business.  Hawley and Miller were also subject to valid and enforceable covenants not to compete with NuVasive.

5.    In December, 2017, NuVasive filed suit against AM, Soufleris, and Hawley in the United States District Court for the Middle District of Florida; the case was assigned Case No. 17-cv-2206-ORL-41 (the "NuVasive Action"), and the Case was assigned to District Judge Carlos E. Mendoza.  The complaint was subsequently amended to include Miller and AMS as Defendants (the Defendants collectively are called the "AMS Parties").   NuVasive's eventual, operative Second Amended Complaint sought injunctive relief, damages for breaches of contract, damages for conversion, a piercing of the corporate veil as to Soufleris, imposition of individual liability against Soufleris under Florida's limited liability company statutes, findings of violations of the Florida Deceptive and Unfair Practices Act, and damages for the AMS Parties' tortious

interference with NuVasive's business relationships with its surgeon-customers.

6.      By Order entered November 22, 2023, District Judge Mendoza granted NuVasive a default judgment to NuVasive on all claims described in the nine Counts identified in NuVasive's Second Amended Complaint against the AMS Parties.

7.      On September 8, 2023 (the "Petition Date"), AM and AMS, as Debtors, commenced these Chapter 7 cases by filing voluntary Chapter 7 petitions.  On September 11, 2023, Richard M. Webber, II was appointed the Chapter 7 Trustee (the "Trustee") of the Debtors.  In November, 2023, this Court entered an Order Granting Amended Motion for Relief From Automatic Stay to Permit United States District Court to Rule on its Pending Show Cause Order and, if Necessary, Conduct a Show Cause Hearing, Filed by NuVasive, Inc. [ECF No. 35 in Case No. 23-03715 and ECF No. 33 in Case No. 23-03719 (the "Stay Relief Order")].  The Stay Relief Order allowed the United States District Court to proceed with its findings and conclusions on NuVasive's damages with respect to the nine counts in the Complaint described above.  NuVasive filed a proof of claim against each Debtor in the amount of $19,826,835.66.  No other creditors filed claims against either AM or AMS.  District Judge Mendoza referred all issues concerning the quantification of NuVasive's damages to United States Magistrate Judge Leslie Hoffman Price.  After a full evidentiary hearing on damages on October 23, 2024, Magistrate Judge Price entered on January 17, 2025, her 65-page Report and Recommendation, finding that NuVasive's damages in its litigation against the AMS Parties to total $19,361,057.  On April 15, 2025, the United States District Court entered its Amended Judgment in the NuVasive Action, increasing the judgment against the AMS Parties to $19,520,069.

8.      After AM and AMS filed their Chapter 7 petitions, the Firm began working closely with the Trustee and his counsel, Berger Singerman LLP ("Berger Singerman"), due to their joint interest in the pursuit of causes of action against AM, AMS and affiliates and business partners

thereof. Based on the Firm's and the Trustee's investigations, it appears the Debtors' estates may have meaningful claims against the AMS Parties and affiliated third parties, including but not limited to Alphatec Holdings, Inc. and Alphatec Spine, Inc. (collectively, "Alphatec"). The Trustee now wishes to engage the Firm as co-special litigation counsel to assist BergerSingerman in pursuing the claims against the AMS Parties and Alphatec (the "Claims"). The Firm has agreed to pursue the Claims in favor of the Debtors' Estates without any compensation from the Debtors' Estates. The Firm and NuVasive recognize that any recovery that may result from the litigation of the Claims on behalf of the Trustee and the Debtors will belong in the first instance to the Debtors' Estates. NuVasive's interests are in preserving the value of the Claims, as a recovery would ultimately be for its benefit as the primary creditor in the Debtors' Estates.

9.     The Firm is aware that the Trustee seeks the entry of an order authorizing the employment and retention of the Firm as co-special counsel pursuant to 11 U.S.C. §§ 327 (e) and (c) and Fed. R. Bankr. P. 2014, effective as of February 20, 2025, to perform legal services in representing the Trustee in connection with the Claims. The Firm will represent the Trustee only in connection with pursuit of the Claims, and not serve as general bankruptcy counsel in the cases. Berger Singerman will continue its role as general counsel to the Trustee. The Firm is willing to serve as co-special counsel in these Chapter 7 cases to perform the services requested by the Trustee with respect to pursuit of recovery on the Claims.

10.     Other than having served as counsel for NuVasive in its litigation regarding the Claims, the Firm has no involvement with the Debtors, the Trustee or other creditors, and the Firm is aware of no actual or perceived conflicts herein. The Firm has served since 2017 as counsel to NuVasive regarding the litigation against the AMS Parties, and as a result the Firm is intimately familiar with the facts and legal issues involved in the Claims and the Trustee's potential litigation against the AMS Parties and affiliates thereof. The Firm does not represent, and has not

4

represented, any creditors of the Debtor's estates other than NuVasive as related to the particular matters for which the Firm is proposed to be retained.

11.     The Firm is willing to serve as Special Litigation Counsel to the Trustee, and to receive compensation for professional services rendered, on the terms described in Paragraph 38 of the Application for Approval of Employment of Thomas H. Forrester and the Law Firm of Gullett Sanford Robinson & Martin, PLLC, as Co-Special Counsel to Richard B. Webber, II, Chapter 7 Trustee, Effective as of February 20, 2025 (the "Employment Application"). Specifically, and as provided in the Employment Application, the Firm shall not look to the Debtors' Estates or the Trustee for its compensation, and all funds recovered from pursuit of the Claims shall be paid to the Trustee for distribution to creditors.  The Trustee shall direct litigation strategy in pursuit of the Claims.  GSRM and NuVasive acknowledge that GSRM's engagement and cooperation with Berger Singerman shall not preclude Berger Singerman or the Chapter 7 Trustee from seeking any relief against NuVasive as a creditor.  If, for any reason, NuVasive determines that it will no longer fund the Firm's legal fees in connection with pursuit of the Claims, the Firm will work with Berger Singerman to conclude any litigation regarding the Claims pursuant to the Chapter 7 Trustee's direction.

**FURTHER** affiant saith not.

THOMAS H. FORRESTER

**SWORN TO** and subscribed before me this the 28th day of April, 2025.

Notary Public

My Commission Expires: 1/22/29

5

# EXHIBIT "B"
**(Proposed Order)**

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re:                                          Chapter 7

ABSOLUTE MEDICAL, LLC,                           Case No.: 6:23-bk-03715-LVV
                                                 (Consolidated with Case No. 6:23-
                                                 bk-03719-LVV)

                 Debtor.
_____/

**ORDER APPROVING THE EMPLOYMENT OF
THOMAS H. FORRESTER AND THE LAW FIRM OF
GULLETT SANFORD ROBINSON & MARTIN, PLLC, AS
CO-SPECIAL LITIGATION COUNSEL TO RICHARD B. WEBBER,
II, CHAPTER 7 TRUSTEE, EFFECTIVE AS OF FEBRUARY 20, 2025**

**THIS CASE** came before the Court on _____, 2025, at _____, in Orlando, Florida,

upon the *Application for Approval of Employment of Thomas H. Forrester and the Law Firm of*

*Gullett Sanford Robinson & Martin, PLLC, as Co-Special Litigation Counsel to Richard B. Webber,*

*II, Chapter 7 Trustee, Effective as of February 20, 2025* (the "Application") [ECF No. _____], and the

*Affidavit of Thomas H. Forrester* (the "Forrester Affidavit") attached to the Application as **Exhibit "A."**   The Application requests entry of an order approving the Chapter 7 Trustee, Richard B. Webber's (the "Trustee") employment of Gullett Sanford Robinson & Martin, PLLC ("GSRM Law") to represent him as special counsel in this Chapter 7 case.   The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b).   This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).   The relief requested in the Application is in the best interests of the estate and its creditors.   The Forrester Affidavit makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016.   The Forrester Affidavit contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Thomas H. Forrester and GSRM Law are disinterested as required by 11 U.S.C. § 327(a), and the Court hereby finds that Thomas H. Forrester and GSRM Law are disinterested.   Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a), the Court is authorized to grant the relief requested in the Application.   Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein.   Accordingly, it is hereby

   **ORDERED** that:

   1.      The Application is **APPROVED.**

   2.      The employment by the Trustee of GSRM Law, as his co-special litigation counsel in this Chapter 7 case, is **APPROVED** pursuant to 11 U.S.C. § 327(e).

   3.      The employment of GSRM Law by the Trustee shall be effective as of February 20, 2025.

   4.      The fees and expenses of GSRM Law incurred in connection with this co-special litigation counsel retention, shall be paid by NuVasive[1] for services rendered on an hourly basis in

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

accordance with GSRM Law's existing relationship with NuVasive.

5.      GSRM Law will submit invoices for payment to NuVasive in accordance with the existing practices between GSRM Law and NuVasive.

6.      All funds recovered, if any, will be paid to the Trustee for distribution to creditors including without limitation, payment of administrative expenses, as allowed by the Bankruptcy Court.

7.      GSRM Law will serve as co-counsel with Berger Singerman. As such, GSRM Law has agreed to pay the fees and costs of Berger Singerman solely as to Berger Singerman's work related to the litigation of the Claims from the time of GSRM Law's retention forward. Berger Singerman shall not bill the estate for such local counsel work. All of Berger Singerman's fees and costs for work performed outside of the Claims shall remain subject to §327 of the Bankruptcy Code. Berger Singerman shall be required to file a fee application for all work relating to the Claims that was incurred prior to the approved retention of GSRM Law.

8.      All compensation of fees and disbursement of expenses from the Debtors' Estate shall be subject to the filing of an application for compensation in accordance with the Middle District of Florida Bankruptcy Court's local rules and a court Order allowing the same.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

*(Attorney Nicolette Vilmos is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*