ORDERED.

Dated:  May 05, 2025

_____
Lori V. Vaughan
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

| | |
|---|---|
| In re: | Chapter 7 |
| ABSOLUTE MEDICAL, LLC, | Case No.: 6:23-bk-03715-LVV (Consolidated with Case No. 6:23-bk-03719-LVV) |
| Debtor. | |
| _____/ | |

**ORDER APPROVING THE EMPLOYMENT OF
THOMAS H. FORRESTER AND THE LAW FIRM OF
GULLETT SANFORD ROBINSON & MARTIN, PLLC, AS
CO-SPECIAL LITIGATION COUNSEL TO RICHARD B. WEBBER,
II, CHAPTER 7 TRUSTEE, EFFECTIVE AS OF FEBRUARY 20, 2025**

**THIS CASE** came before the Court upon the *Application for Approval of Employment of Thomas H. Forrester and the Law Firm of Gullett Sanford Robinson & Martin, PLLC, as Co-Special Litigation Counsel to Richard B. Webber, II, Chapter 7 Trustee, Effective as of February 20, 2025* (the "Application") [ECF No. 70], and the *Affidavit of Thomas H. Forrester* (the "Forrester

Affidavit") attached to the Application as **Exhibit "A."** The Application requests entry of an order approving the Chapter 7 Trustee, Richard B. Webber's (the "Trustee") employment of Gullett Sanford Robinson & Martin, PLLC ("GSRM Law") to represent him as special counsel in this Chapter 7 case. The Court has jurisdiction over the matters raised in the Application pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). The relief requested in the Application is in the best interests of the estate and its creditors. The Forrester Affidavit makes relevant disclosures as required by Fed. R. Bankr. P. 2014 and Fed. R. Bankr. P. 2016. The Forrester Affidavit contains a verified statement as required by Fed. R. Bankr. P. 2014 demonstrating that Thomas H. Forrester and GSRM Law are disinterested as required by 11 U.S.C. § 327(a), and the Court hereby finds that Thomas H. Forrester and GSRM Law are disinterested. Pursuant to 11 U.S.C. § 327(e) and Fed. R. Bankr. P. 2014(a), the Court is authorized to grant the relief requested in the Application. Upon the record herein, and after due deliberation thereon good and sufficient cause exists for the granting of the relief as set forth herein. Accordingly, it is hereby

**ORDERED** that:

1. The Application is **APPROVED.**

2. The employment by the Trustee of GSRM Law, as his co-special litigation counsel in this Chapter 7 case, is **APPROVED** pursuant to 11 U.S.C. § 327(e).

3. The employment of GSRM Law by the Trustee shall be effective as of February 20, 2025.

4. The fees and expenses of GSRM Law incurred in connection with this co-special litigation counsel retention, shall be paid by NuVasive[1] for services rendered on an hourly basis in accordance with GSRM Law's existing relationship with NuVasive.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed in the Application.

5. GSRM Law will submit invoices for payment to NuVasive in accordance with the existing practices between GSRM Law and NuVasive.

6. All funds recovered, if any, will be paid to the Trustee for distribution to creditors including without limitation, payment of administrative expenses, as allowed by the Bankruptcy Court.

7. GSRM Law will serve as co-counsel with Berger Singerman. As such, GSRM Law has agreed to pay the fees and costs of Berger Singerman solely as to Berger Singerman's work related to the litigation of the Claims from the time of GSRM Law's retention forward. Berger Singerman shall not bill the estate for such local counsel work. All of Berger Singerman's fees and costs for work performed outside of the Claims shall remain subject to §327 of the Bankruptcy Code. Berger Singerman shall be required to file a fee application for all work relating to the Claims that was incurred prior to the approved retention of GSRM Law.

8. All compensation of fees and disbursement of expenses from the Debtors' Estate shall be subject to the filing of an application for compensation in accordance with the Middle District of Florida Bankruptcy Court's local rules and a court Order allowing the same.

9. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation of this Order.

# # #

*(Attorney Nicolette Vilmos is directed to serve a copy of this order on interested parties who do not receive service by CM/ECF and file a proof of service within three days of entry of the order.)*